# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| NILES C. TAYLOR and | : | Bankruptcy No. 07-15385DWS |
| ANGELA J. TAYLOR, | : | |
| | : | |
| Debtors. | : | |

# ORDER

**AND NOW**, this 9th day of June, the Court having held hearings on May 1, 2008 on the motion for relief from stay filed by HSBC Mortgage Corp. ("HSBC") and on May 1, 2008 and June 5, 2008 on the Debtor's objection (the "Objection") to HSBC's proof of claim;

**And** during the course of those hearings certain questionable practices engaged in by attorneys and agents of HSBC were revealed;[1]

**And** during those hearings it was apparent that local counsel for HSBC had no knowledge of the matters he was charged to handle nor any ability to communicate with anyone who had such knowledge;[2]

---

[1]  This included pressing a relief motion on admissions that were known to be untrue, and signing and filing pleadings without knowledge or inquiry regarding the matters pled therein. Notwithstanding my admonishment to HSBC's counsel concerning the questionable good faith of the relief motion which was denied, HSBC's performance at the next hearing also evidenced a lack of good faith.  The details are identified on the record of the hearings which are incorporated herein.

[2]  I learned for the first time that HSBC and other mortgage lenders employ a technology called "New Trak" by which an attorney posts communications regarding the file he is handling. Local counsel David Fitzgibbons ("Fitzgibbons") made such a posting here but had no ability to

(continued...)

**And** during those hearings Fitzgibbons acknowledged that HSBC was unresponsive to the Court's directive to provide Debtor with an accounting and an explanation about contested flood insurance charges;

It is hereby **ORDERED** that by **June 20, 2008** HSBC shall provide a full accounting to Debtor by transmitting a loan history in form that Debtor and her counsel can understand as well as an explanation about the flood insurance charges**;**

**And** it is further **ORDERED** that a continued hearing on the Objection shall be held on **JULY 16, 2008** at **9:30 a.m.** in the Robert N.C. Nix, Sr. Federal Courthouse, 2nd floor, 900 Market Street, Courtroom #3, Philadelphia, PA at which the following persons shall appear in addition to the Debtor and counsel:

1.  A representative of HSBC with knowledge of the Debtor's loan;

2.  A representative of HSBC with knowledge of the procedures it uses with respect to assertion of claims in bankruptcy, if different;

3.  Maria Borresen, Esquire, authorized agent for HSBC who filed the proof of claim and amended proof of claim in case no. 07-15385;

---

(...continued)
discuss any of what transpired in court with either the client or the attorneys who filed the proof of claim at issue.  The posting was apparently noted as an amended proof of claim was filed by Maria Borresen, Esq. but there was no communication with Fitzgibbons who only learned of the amendment through PACER.  His request for an accounting and explanation regarding the flood plain insurance was met with silence notwithstanding the one month continuance to secure same.

4.  The partner in charge of HSBC's bankruptcy work at the Moss Codilis LLP law firm, Englewood, Colorado[3] and the attorney who performs the work, if different;

5.  The partner in charge of HSBC's bankruptcy work at the Udren Law Office, local counsel to HSBC.

6.  Lorraine Gazzara Doyle, Esquire of the Udren Law Office.[4]

7.  David Fitzgibbons, Esquire of the Udren Law Office;

**And** it is further **ORDERED** that the foregoing listed persons shall forthwith secure a copy of the transcript of the May 1 and June 5 hearings by contacting Margaret Gallagher (215-408-2800 X2256) and review same by the date of the next hearing to be prepared to provide testimony regarding the problems identified therein.[5]

The United States trustee is invited to appear.

_____
DIANE WEISS SIGMUND
U.S. Bankruptcy Judge

---

[3]  Fitzgibbons identified the Moss Codilis firm as the source of the Udren firm's referral.

[4]  While Fitzgibbons appeared in Court, the motion for relief, the admissions and the reply to the Objection were prepared over Doyle's name and signature.

[5]  The purpose of the hearing is twofold:  (1) to address the  Objection to HSBC's claim and (2) to investigate the practices employed in this case by HSBC and its attorneys and agents and consider whether sanctions should issue against HSBC, its attorneys and agents.  The parties are encouraged to resolve the Objection prior to the hearing.  However, the hearing will be held for the second purpose notwithstanding any settlement of the claim objection.

cc: Chief Judge Stephen Raslavich
    Judge Bruce Fox
    Judge Eric L. Frank
    Judge Richard E. Fehling
    Judge Jean K. FitzSimon


Mailed copies to:

Niles C. Taylor
Angela J. Taylor
218 Loomis Avenue
Coatesville, PA  19320

Joye McDonald-Hamer, Esquire
31 South High Street
West Chester, PA  19382

HSBC Mortgage Corp. (USA)
Attn: Bankruptcy Department
2929 Walden Avenue
Depew, NY  14043

Maria Borresen, Esquire
2525 15th Street, #1B
Denver, CO  80211

Moss Codilis LLP
6560 Greenwood Plaza Boulevard
Suite 550
Two Greenwood Plaza
Englewood, CO  80111-4980

Moss Codilis Stawiarski Morris Schneider & Prior
9200 East Mineral Avenue
Suite 329
Englewood, CO  80111

George Conway, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119